FILED
2010 Jun-16  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD WALLACE, III, and<br>CLAIRE MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | |
| LITIGATION COUNSEL OF AMERICA, LLC,<br>and GLEN STEVEN HENRY, | ) | |
| Defendants. | | |

---

## **COMPLAINT**

## I. **JURISDICTION**

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Jurisdiction of this Court exists pursuant to 29 U.S.C. §§216(b) and 217 and 28 U.S.C. §1331. Jurisdiction for common law claims is brought under the pendent jurisdiction of this Court.

## II. **PARTIES**

2.  Plaintiff Richard Wallace, III ("Wallace") is an adult resident of Mountain Brook, Alabama and was an employee of defendant Litigation Counsel of America, LLC ("LCA") pursuant to 29 U.S.C. §203(e)(1) during all times relevant to this action in Jefferson County, Alabama.

3.  Plaintiff Claire Miller ("Miller") is an adult resident of Mobile County, Alabama and was an employee of LCA pursuant to 29 U.S.C. §203(e)(1) during all times relevant to

this action in Jefferson County, Alabama.  Miller and Wallace are referred to collectively herein as "Plaintiffs."

4. Defendant LCA is a Delaware limited liability corporation.

5. LCA was at all times relevant to the allegations in this complaint an enterprise engaged in commerce or in the production of goods for commerce as contemplated under 29 U.S.C. §§203(r) and 203(s).

6. LCA holds itself out to the public as having a principal place of business in New York, New York.

7. LCA has no place of business in New York, New York.

8. Rather, LCA's only place of business is in Jefferson County, Alabama.

9. Defendant Glen Steven Henry ("Henry") is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama. Henry was at all times relevant to this complaint the owner of LCA.  LCA and Henry are referred to collectively herein as "Defendants."

### III. STATEMENT OF FACTS

10. LCA owns and operates "Litigation Counsel of America," which is a "Trial Lawyer Honorary Society" according to LCA.

11. According to LCA, the society is "an invitation-only trial lawyer honorary society established to reflect the new face of the American bar."

12. LCA charges invited attorneys to become members (called "Fellows") of the society.

2

13. Wallace became employed by LCA in or about March of 2008.

14. Prior to Wallace's accepting an offer of employment with LCA (extended by Henry), Henry represented to Wallace that he would establish a separate branch of the society devoted to construction lawyers when LCA became profitable.

15. Henry further represented to Wallace that he would convey to Wallace thirty percent ownership in the construction branch.

16. Wallace accepted employment with LCA based on Henry's representation.

17. LCA subsequently became profitable, but Henry did not establish the construction branch.

18. Rather, when Wallace would ask about the construction branch, Henry would tell Wallace that LCA needed more Fellows before it could be established, the number of which increased each time Wallace asked.

19. Miller became employed by LCA in July of 2008.

20. LCA always classified Plaintiffs as non-exempt employees under the FLSA.

21. LCA always paid Plaintiffs on an hourly basis.[1]

22. Plaintiffs regularly worked more than forty hours per week.

23. LCA never paid Plaintiffs for their hours worked over forty hours per week.

---

[1]Additional bonuses were promised but never paid, as alleged in paragraphs 24-26 below, but these promised bonuses (even if they had been paid) did not affect the non-exempt status of Plaintiffs by LCA.

24. In addition to Plaintiffs' hourly pay, Defendants agreed to pay Plaintiffs bonuses of $50 apiece for each ten Fellows signed up, as well as additional $2,500 bonuses for reaching what Henry called a "critical mass" of membership.

25. Plaintiffs met all requirements to be paid the bonuses.

26. LCA failed to pay Plaintiffs any of the bonuses.

27. Miller is hearing impaired, which also affects her speech.

28. Fellow employees Emily Lumpkin and Megan Henry[2] ridiculed Miller's disability and the way she speaks.

29. Miller was humiliated and deeply offended by this.

30. Miller complained to Henry about it.

31. Henry said that he would do something about it, but he never did.

32. The ridicule continued.

33. Henry sexually harassed Miller over the course of her employment, touching her buttocks, rubbing her shoulders, and clutching her breasts.

34. LCA was on notice that prior complaints of sexual harassment had been made against Henry in the past.

35. On or about September 25, 2009, Wallace approached Henry and complained about he (Wallace) and Miller not being paid the overtime they were due, as well as the bonuses.

---

[2]Megan Henry was referred to as Megan "Montgomery" when dealing with Fellows to hide the fact that she is defendant Henry's daughter.

36. Henry told Wallace that he had made a bad land investment and did not have the money to pay them.

37. Henry further told Wallace to take the rest of the day off.

38. On or about September 26, 2009, Henry "texted" Wallace a message that he was suspended.

39. On or about September 28, 2009, Henry told Miller to take the next week off.

40. Henry further told Miller that, when she came back to work, she should advise him whether she could be "loyal" to LCA.

41. On or about October 5, 2009, Miller received a letter from Henry dated September 30 on LCA letterhead stating that she was terminated effective October 2 because her services would "no longer be required."

42. On or about October 8, 2009, Wallace received an identical letter from Henry.

43. Defendants gave no further explanation to Plaintiffs as to why they were terminated.

### IV. CAUSES OF ACTION

### COUNT I

### FLSA- UNPAID WAGES

44. Paragraphs 1-43 are incorporated by reference.

45. Plaintiffs were covered, non-exempt employees under the FLSA at all times during their employ with LCA.

46. LCA was required by the FLSA to pay Plaintiffs time and one-half for all hours worked over forty in a week.

47. LCA violated the FLSA by failing to pay Plaintiffs time and one-half for all hours worked over forty in a week.

48. LCA willfully violated the FLSA in failing to pay Plaintiffs overtime for all hours worked over forty in a week.

49. As a result of the foregoing, Plaintiffs have suffered damages of lost wages.

50. Henry is the owner of LCA and had operational control over all aspects of LCA's day-to-day functions during its employ of Plaintiffs, including compensation of employees.

51. Henry therefore was Plaintiffs' "employer" along with LCA pursuant to the FLSA, and he is jointly and severally liable with LCA for violations of the FLSA in this case.

**WHEREFORE, these premises considered,** Plaintiffs respectfully request the following:

(i) That the Court issue an Order declaring that Defendants' actions herein violated the FLSA;

(ii) That the Court enter an Order requiring Defendants to make Plaintiffs whole by paying them earned but unpaid overtime wages, with interest, and ordering Defendants to pay liquidated damages;

(iii) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## FLSA- RETALIATORY DISCHARGE

52. Paragraphs 1-51 are incorporated by reference.

53. Wallace's actions as set forth above protesting his and Miller not being paid overtime constituted protected activity under 29 U.S.C. §215(a)(3) with respect to him and Miller.

54. LCA terminated Plaintiffs in retaliation for this protected activity.

55. In doing so, Defendants willfully violated the FLSA.

56. Henry is the owner of LCA and had operational control over all aspects of LCA's day-to-day functions during its employ of Plaintiffs, including compensation of employees.

57. Henry therefore was Plaintiffs' "employer" along with LCA pursuant to the FLSA, and he is jointly and severally liable with LCA for violations of the FLSA in this case.

58. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered lost wages and benefits and emotional distress.

**WHEREFORE, these premises considered**, Plaintiffs request the following:

(i) That the Court enter an Order declaring that Defendants' acts as described herein violated the FLSA;

(ii) That the Court grant Plaintiffs a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from further violating the FLSA;

7

(iii)  That the Court enter an Order requiring Defendants to make Plaintiffs whole by re-employing them and placing them in the position they would have occupied in the absence of violation of their FLSA rights (or front-pay), providing back-pay with interest, reimbursing and restoring Plaintiffs' lost benefits and perquisites of employment with interest, and ordering Defendants to pay compensatory and liquidated damages as a jury may assess;

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## BREACH OF CONTRACT

59.  Paragraphs 1-43 are incorporated by reference.

60.  A contract existed between Plaintiffs and LCA for payment of (a) all hours worked and (b) the bonuses set forth above.

61. LCA has breached its contractual agreement to pay Plaintiffs for (a) all hours worked and (b) the bonuses set forth above.

**WHEREFORE, these premises considered,** Plaintiffs request that a judgment be entered against LCA in an amount to be determined by the trier of fact, with interest, and that LCA be required to pay Plaintiffs' costs in this action.

8

## COUNT IV

## WORK AND LABOR PERFORMED

62. Paragraphs 1-43 are incorporated by reference.

63. LCA owes Plaintiffs payment, at the agreed rate, for work and labor done for LCA at its request for (a) all hours worked and (b) the bonuses set forth above, for which LCA has not paid Plaintiffs.

**WHEREFORE, these premises considered,** Plaintiffs request that a judgment be entered against LCA in an amount to be determined by the trier of fact, with interest,  and that LCA be required to pay Plaintiffs' costs in this action.

## COUNT V

## UNJUST ENRICHMENT

64. Paragraphs 1-43 are incorporated by reference.

65. LCA knowingly accepted the benefit of Plaintiffs' time worked for LCA, for which LCA has not paid Plaintiffs for (a) all hours worked and (b) the bonuses set forth above.

66. Plaintiffs have a reasonable expectation of compensation for this.

67. LCA would be unjustly enriched if it were allowed to retain the benefit of Plaintiffs' time worked for LCA free of cost.

**WHEREFORE, these premises considered,** Plaintiffs request that a judgment be entered against LCA in an amount to be determined by the trier of fact, with interest,  and that LCA be required to pay Plaintiffs' costs in this action.

## COUNT VI

## ASSAULT AND BATTERY– MILLER

68.  Paragraphs 1-43 above are incorporated by reference.

69.  Henry's acts as described above of touching Miller's buttocks, rubbing her shoulders, and clutching her breasts constituted assault and battery upon Miller.

70.  LCA is liable to Miller for Henry's assault and battery upon her pursuant to respondeat superior and/or because LCA (a) knew or should have known of the unfitness of Henry and continued to employ him; (b) LCA used Henry's services without proper instruction with a disregard of the rights or safety of others; and/or (c) LCA participated in, authorized, or ratified Henry's wrongful conduct.

71.  As a result of the assault and battery, Miller has suffered damages including physical pain and suffering, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Miller requests that a judgment be entered against Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendants be required to pay Miller's costs in this action.

## COUNT VII

## INVASION OF PRIVACY– MILLER

72.  Paragraphs 1-43 above are incorporated by reference.

73.  Henry's touching Miller's buttocks, rubbing her shoulders, and clutching her breasts constituted an invasion of her privacy.

10

74.   LCA is liable to Miller for Henry's invasion of Miller's privacy pursuant to respondeat superior and/or because LCA (a) knew or should have known of the unfitness of Henry and continued to employ him; (b) LCA used Henry's services without proper instruction with a disregard of the rights or safety of others;  and/or (c) LCA participated in, authorized, or ratified Henry's wrongful conduct.

75. As a result of the invasion of privacy, Miller has suffered damages including physical pain and suffering, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Miller requests that a judgment be entered against Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendants be required to pay Miller's costs in this action.

## COUNT VIII

## OUTRAGE– MILLER

76. Paragraphs 1-43 above are incorporated by reference.

77.   Henry's touching Miller's buttocks, rubbing her shoulders, and clutching her breasts constituted outrageous conduct that no reasonable person should have been expected to endure.

78. LCA is liable to Miller for Henry's outrageous conduct pursuant to respondeat superior and/or because LCA (a) knew or should have known of the unfitness of Henry and continued to employ him; (b) LCA used Henry's services without proper instruction with a

11

disregard of the rights or safety of others;  and/or (c) LCA participated in, authorized, or ratified Henry's wrongful conduct.

79.  As a result of the outrageous conduct, Miller has suffered damages including physical pain and suffering, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Miller requests that a judgment be entered against Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendants be required to pay Miller's costs in this action.

## COUNT IX

## WANTON SUPERVISION– MILLER

80.  Paragraphs 1-43 above are incorporated by reference.

81.  LCA wantonly supervised Henry because (a) it failed to take steps to stop Henry from sexually harassing Miller after LCA was aware of facts placing it on notice that Henry would likely or probably sexually harass Miller, and (b) it failed to take steps to stop employees Emily Lumpkin and Megan Henry from ridiculing Miller's disability and the way she speaks after Miller complained to Henry about it.

82.  As a result of the wanton supervision, Miller has suffered damages including physical pain and suffering, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Miller requests that a judgment be entered against LCA for compensatory and punitive damages in an amount to be determined by the trier of fact, and that LCA be required to pay Miller's costs in this action.

12

## COUNT X

## NEGLIGENT SUPERVISION– MILLER

83. Paragraphs 1-43 above are incorporated by reference.

84. LCA negligently supervised Henry because (a) it failed to take steps to stop Henry from sexually harassing Miller after it was aware of facts placing it on notice that Henry had previously sexually harassed Miller and other females, and (b) it failed to take steps to stop employees Emily Lumpkin and Megan Henry from ridiculing Miller's disability and the way she speaks after Miller complained to Henry about it.

85. As a result of the negligent supervision, Miller has suffered damages including physical pain and suffering, emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Miller requests that a judgment be entered against LCA for compensatory damages in an amount to be determined by the trier of fact, and that LCA be required to pay Miller's costs in this action.

## COUNT XIII

## BREACH OF CONTRACT– WALLACE

86. Paragraphs 1-43 are incorporated by reference.

87. A contract existed between Wallace and LCA for creation of the construction branch of LCA, as set forth above, with thirty percent ownership to go to Wallace.

88. LCA has breached its contractual agreement with Wallace to do so.

**WHEREFORE, these premises considered,** Wallace requests that a judgment be entered against LCA for compensatory damages in an amount to be determined by the trier of fact, with interest, and that LCA be required to pay Wallace's costs in this action.

## COUNT XIV

## PROMISSORY FRAUD– WALLACE

89. Paragraphs 1-43 are incorporated by reference.

90. At the time Henry represented to Wallace that he would establish the construction branch of LCA when LCA became profitable and convey to Wallace a thirty percent ownership in it, Henry did not intend to perform the acts promised.

91. Rather, Henry intended to deceive Wallace to entice him to come to work for LCA.

92. Wallace believed Henry's misrepresentation and relied on it by accepting employment with LCA.

93. Wallace has been damaged by Henry's misrepresentation in (a) foregoing another employment opportunity, and (b) not obtaining the thirty percent ownership in the construction branch of LCA.

94. LCA is liable to Wallace for Henry's fraud (a) pursuant to respondeat superior, (b) because Henry committed the fraud within the line and scope is his employ with LCA, and/or (c) because LCA participated in, authorized, or ratified Henry's wrongful conduct.

**WHEREFORE, these premises considered,** Wallace requests that a judgment be entered against Defendants for compensatory and punitive damages in an amount to be

14

determined by the trier of fact, with interest, and that Defendants be required to pay

Wallace's costs in this action.

Respectfully submitted,

Adam M. Porter
Attorney for Plaintiffs
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiffs request trial by struck jury.

Attorney for Plaintiff

Defendants' Addresses:
Litigation Counsel of America, LLC
c/o G. Steven Henry
6 Office Park, Suite 317A
Birmingham, AL 35223

G. Steven Henry
6 Office Park, Suite 317A
Birmingham, AL 35223